Hooser, Respondent, vs. Hunt, imp., Appellant.

*December 7, 1885 — January 12, 1886.*

FRAUDULENT CONVEYANCES. *(1) Intent: Court and jury. (2) Burden of proof: Husband and wife: Grantee of wife. (3) When previous notice of fraudulent intent inferred.*

1. The policy of the statute (sec. 2323, R. S.) is to have the question of fraudulent intent in a conveyance submitted to the jury as a question of fact. [Whether where the evidence is undisputed and decisive a mere formal submission is necessary, not determined.]

2. Under the circumstances of this case it is *held* that the grantee of a wife to whom property had been conveyed by her husband, was not bound, in a contest with a creditor of the husband, to establish the *bona fides* of such conveyance to the wife by that positive and cogent proof which would be required of her, and that the burden of proof was upon the party seeking to impeach the conveyance.

3. Where property is conveyed with intent to hinder, delay, or defraud creditors, the purchaser will be deemed to have had "previous notice" of such intent (under sec. 2324, R. S.), if he had knowledge of such facts and circumstances as would put an ordinarily prudent man upon inquiry, and would have led to his ascertaining the truth.

APPEAL from the Circuit Court for *Grant* County.

Ejectment. The facts will sufficiently appear from the opinion. There was a verdict for the plaintiff; a motion for a new trial was denied; and from the judgment entered on the verdict the defendant *Hunt* appealed.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. Bushnell.* They contended, *inter alia*, that sec. 2324, R. S., was taken literally from New York, and it is there held to mean *actual notice* of the fraudulent intent, and that *circumstances* to put the purchaser *on inquiry*, where full value has been paid, are not sufficient. *Stearns v. Gage*, 79 N. Y. 102; *Farley v. Carpenter*, 27 Hun, 359; *Parker v. Conner*, 93 N. Y. 118.

For the respondent there were separate briefs by *A. W. & W. E. Bell* and *Orton & Osborn*, and the cause was argued orally by *Mr. A. W. Bell.* To the point that if the defendant *Hunt* purchased with knowledge of such facts and circumstances as ought to have put him upon inquiry and would have led to his ascertaining the truth, the plaintiff should recover, they cited *Brinkman v. Jones*, 44 Wis. 518; *Mueller v. Brigham*, 53 id. 176; *Hoxie v. Price*, 31 id. 86; *Ferguson v. Hillman*, 55 id. 190; *Gardinier v. Otis*, 13 id. 460; *Manseau v. Mueller*, 45 id. 430; *Maupin v. Emmons*, 47 Mo. 304; *Speck v. Riggin*, 40 id. 405; *Temple v. Smith*, 13 Neb. 513; *C., R. I. & P. R. Co. v. Kennedy*, 70 Ill. 350; *Hough v. Dickinson*, 24 N. W. Rep. 809; *McDaniels v. Perkins*, 64 Iowa, 174; *Savage v. Hazard*, 11 Neb. 323; *Avery v. Johann*, 27 Wis. 251; *Atwood v. Impson*, 20 N. J. Eq. 150; *David v. Birchard*, 53 Wis. 592; *Bartles v.*

*Gibson,* 17 Fed. Rep. 293; *Trifts v. King,* 18 Pa. St. 159; Bump on Fraud. Conv. 478; *Williamson v. Brown,* 15 N. Y. 362; *Baker v. Bliss,* 39 id. 70; *Parker v. Kane,* 4 Wis. 1; *Helms v. Chadbourne,* 45 id. 60; *Wickes v. Lake,* 25 id. 71.

COLE, C. J.   The plaintiff claims title to the land in controversy by virtue of a sheriff's deed. · That deed was executed to him upon an execution sale made on a judgment in his favor against William J. Pennybacker.   The judgment was docketed September 26, 1879, the execution issued and the land sold July 26, 1880.   The certificate of sale was filed in the register's office, August 5, 1880, and, there being no redemption, the sheriff executed a deed to the plaintiff in due form, February 18, 1882.   It is an admitted fact that the title to the land was in William J. Pennybacker February 26, 1878.   On that day Pennybacker and wife conveyed the land to one B. F. Salzman for the nominal consideration of $2,500.   This deed was not delivered to Salzman until after it was recorded, and, within a week or two after Salzman received it, he and his wife executed a conveyance of the land to Mary C. Pennybacker, the wife of W. J.   This deed bears date September 26, 1878, and was recorded October 2, 1878.   The consideration stated in the deed was $2,500, but the proof is conclusive that no consideration whatever was paid by Salzman, or received by him from any one, for either of these conveyances.   September 28, 1880, Mary C. Pennybacker conveyed the land to the defendant *Hunt.*   This deed was recorded September 30, 1880, and October 8, 1880, another deed was executed by her to *Hunt,* to correct a mistake in the former deed. *Hunt* paid $800 in cash, and gave his notes and a mortgage on the land due in ten years for the balance of the consideration.

Now it is claimed by the plaintiff that the conveyances from Pennybacker and wife to Salzman, and from Salzman

to the wife of Pennybacker, were fraudulent as to Penny-backer's creditors, and that *Hunt*, when he purchased, had notice of the fraud rendering void the title of his grantor. There was considerable testimony given on the trial *pro* and *con* on these questions. The learned circuit court, among other things, charged that, as against the plaintiff (who was a creditor of her husband at the time the deeds from Penny-backer and wife to Salzman, and from the latter to Mrs. Pennybacker, were made), these conveyances were void, and conveyed to Mrs. Pennybacker no title to the land; that if she were still the owner of the land, and a defendant in the case, the plaintiff would be entitled to recover the possession from her. This charge was excepted to, and the exception is relied upon here for a reversal of the judgment.

The defendants' counsel insists that the court erred in holding, as a matter of law, that these conveyances were void; but that the question as to their fraudulent character should have been submitted to the jury upon all the evidence. We think this position is correct. The statute declares that the question of fraudulent intent in all cases arising under it shall be deemed a question of fact, and not one of law, and that no conveyance shall be adjudged fraudulent as against creditors solely on the ground that it was not founded on a valuable consideration. Sec. 2323, R. S.; *Hyde v. Chapman*, 33 Wis. 391; *Barkow v. Sanger*, 47 Wis. 500. In the latter case, Mr. Justice TAYLOR, by way of query, suggests whether it is necessary to submit the question of fraudulent intent to a jury as a fact where the evidence upon the point is so conclusive and overwhelming as to such fraudulent intent as would justify the court in directing the jury to find such fact; but the policy of the statute clearly is to have the question submitted as one of fact, and not decided as a matter of law. Whether a mere formal submission is necessary, where the evidence is undisputed and decisive as to the fraudulent intent, we shall not at-

tempt to decide, because such is not the case before us. The making of these conveyances may have been an expedient resorted to for the purpose of vesting the title to the land in Mrs. Pennybacker in order to place it beyond the reach of Pennybacker's creditors. Such an inference a jury might make from all the facts and circumstances. It is claimed by plaintiff's counsel that Pennybacker was insolvent when they were executed, or had not sufficient property to pay his debts, aside from this land. This fact is disputed, but the proof shows that he was largely indebted at the time, considering his pecuniary resources. It is also said that the conveyances were voluntary; that Mrs. Pennybacker in fact paid no consideration for the land. But this is denied by her, and she says that she had money in the Platteville house and lot; that her husband, wishing to borrow some money on that property, she consented to give up her interest in it in consideration that this land should be conveyed to her. She does not claim, however, to have had more than $200 in the Platteville property, which is much less than the value of the land. The fact that the Platteville property was occupied as a homestead, it is said, had its weight in inducing these conveyances to be made. But all these matters were proper for the jury to consider, in connection with the other facts bearing upon the question of fraudulent intent. It seems to us it was error for the court to hold, as a matter of law, that they were made to hinder and defraud the creditors of Pennybacker, and were therefore void. This is the effect of the charge, which goes upon the theory that both Pennybacker and wife participated in the fraud.

But plaintiff's counsel further contend that the conveyance to Mrs. Pennybacker was presumptively void, and that this presumption could only be overcome by showing, by clear and satisfactory evidence, that the purchase by her was for a valuable consideration which was paid out of her separate estate or by some other person for her. The bur-

den of showing these facts it is said was upon the defendant *Hunt*, under the decisions of this court. It is true, this court has in many cases held that, in a contest between the creditors of a husband and the wife, if the wife claims ownership of the property by purchase, the burden of proof is upon her to show, by clear and satisfactory evidence, that such purchase was for a valuable consideration paid by her out of her separate estate, or by some person for her. While the strict rule of proof of the earlier decisions has been somewhat relaxed in some subsequent cases, yet in *Horton v. Dewey*, 53 Wis. 414, Mr. Justice TAYLOR says that that rule will be adhered to where the contest is between the creditors of the husband and the wife, or some one claiming under her with notice, where the wife claims to obtain title by purchase from her husband. And he adds: "In all such cases the burden of proof showing the *bona fides* of the purchase is upon her, and she must show by clear and satisfactory evidence that the purchase was made in good faith with her separate estate, or for a consideration moving from some person other than her husband. In all such cases the presumptions are in favor of the creditors, and not in favor of the title of the wife." Page 414. That was a contest for personal property between the vendee of the wife and the creditors of the husband. To prove title in his vendor, the plaintiff offered in evidence a bill of sale of the property given by the husband to the wife, reciting that the property was sold to her for an amount stated. This was really the only evidence offered that the wife owned the property and had paid a valuable consideration for it. Under the charge of the court, the jury were left to infer that a valuable consideration was paid by her, from the mere recital in the bill of sale, without any other proof of the fact, or that she had a separate estate. It was in reference to this state of facts that the remarks of Mr. Justice TAYLOR which we have quoted, and which are relied

on by counsel to sustain the charge in this case, were made. We have no disposition to qualify what was there said. But we think it would be going too far to hold, in a case like this, that the grantee of the wife must establish the *bona fides* of the conveyance from the husband to the wife by that positive and cogent proof which would be required of her. The plaintiff seeks to impeach these conveyances for fraud, and the burden of proof was upon him. The court, therefore, was wrong in charging that as against the plaintiff the conveyance of Pennybacker to his wife was void. The question as to the fraudulent intent in making this conveyance of both parties should not have been withdrawn, as it was, from the jury.

The court further charged that, though Mrs. Pennybacker's title as against a prior creditor of her husband was void, nevertheless she was invested with the formal title to the land, and could convey a good title to the same to a purchaser in good faith for value. The court also said that the plaintiff claimed that the deed to the defendant *Hunt* was made by Mrs. Pennybacker with intent to hinder, delay, and defraud the creditors of her husband, and that *Hunt* knew of such intent, or had knowledge of facts and circumstances naturally and justly calculated to awaken suspicion of it in the mind of a man of ordinary care and prudence; and the jury were directed that, in order to sustain the claim of the plaintiff that the deed from Mrs. Pennybacker to *Hunt* was void, two things must be established by proof: (1) That Mrs. Pennybacker, in making the conveyance to *Hunt*, intended to defraud, hinder, or delay her husband's creditors; (2) knowledge of such intent on the part of *Hunt*, or knowledge of such facts and circumstances by him as ought to have put him upon inquiry and would have led to his ascertaining the truth, or would have afforded a reasonable ground for the inference that he purposely or negligently omitted to make such inquiries as an ordinarily pru-

dent and cautious man in his situation would have made. All this charge, as to what would charge *Hunt* with notice of the fraud, was excepted to, and is criticised here as being erroneous. But we think the court stated the rule as to notice substantially as it has been laid down by this court where the point has arisen. *Avery v. Johann,* 27 Wis. 246; *Brinkman v. Jones,* 44 Wis. 498; *Helms v. Chadbourne,* 45 Wis. 60. In *Avery v. Johann,* this rule is approved, that "a sale in the making of which the object of the debtor is to hinder, delay, or in any way put off his creditors, is void if made to one having knowledge of such intent; and this knowledge need not be actual, positive information or notice, but will be inferred from the knowledge by the purchaser of facts and circumstances sufficient to raise such suspicion as should put him upon inquiry." In *Brinkman v. Jones,* the doctrine as to what amounts to notice is very elaborately examined and discussed by Mr. Justice TAYLOR. The question in the case was as to what would be deemed "actual notice" that a deed absolute in terms was intended to be a mortgage. The words "actual notice" in sec. 2243, R. S., and "previous notice" in sec. 2324, R. S., are equivalent expressions; and the rule is stated in the opinion "that notice must be held to be actual when the subsequent purchaser has actual knowledge of such facts as would put a prudent man upon inquiry which, if prosecuted with ordinary diligence, would lead to actual notice of the right or title in conflict with that which he is about to purchase. Where the subsequent purchaser has knowledge of such facts, it becomes his duty to make inquiry, and he is guilty of bad faith if he neglects to do so, and consequently he will be charged with the actual notice he would have received if he had made the inquiry."

It is claimed that the decisions in New York hold a stricter rule as to what would be deemed "actual" or "previous" notice to the purchaser of the fraudulent intent.

See *Stearns v. Gage*, 79 N. Y. 102; *Parker v. Conner*, 93 N. Y. 118; *Farley v. Carpenter*, 27 Hun, 359. We shall not spend any time in the examination of these cases. If they lay down a rule different from the one established by this court as to what facts and circumstances are sufficient to charge a purchaser with notice or to put him on inquiry, we decline to follow them.

We shall not discuss the facts bearing on the question of notice. We will only say there was sufficient evidence to carry that question to the jury, and there was no error in the charge on this branch of the case of which the defendant can complain. But for the error in the charge already noticed there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

See note to this case in 26 N. W. Rep. 442.—REP.