## A. TUTEUR ET AL. *v.* E. H. CHASE & CO.

1. NOTICE. *Suspicion not equivalent to notice.*

    Suspicion is not notice; and mere suspicion on the part of a purchaser of property that the grantor intends to defraud creditors by the sale, is not sufficient to put the purchaser upon inquiry, or vitiate the sale.

2. NOTICE. *Bona fide purchaser. Instruction.*

    Where a sale is made by a debtor with intent to defraud his creditors, and the issue involved is whether the purchaser had notice of such fraud, it is error to refuse to instruct the jury that mere suspicion is not enough to put such purchaser upon inquiry before buying.

3. FRAUDULENT CONVEYANCE. *Bona fide purchaser not affected.*

    A purchaser is not affected by the fraud of the grantor, unless he buys with intent to aid him in carrying out his fraudulent design, or has knowledge thereof, or notice of such fact as would lead a reasonable man to conclude that fraud in fact existed.

APPEAL from the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

The appellees, E. H. Chase & Co., were creditors of one Richards, a retail liquor dealer in Canton. Before the payment of the debt Richards made a sale of his entire stock in trade, consisting mainly of liquors, to appellant for the alleged consideration of eleven hundred and twenty-five dollars in cash. While the goods were in the possession of appellant, the appellees sued out an attachment against Richards and had the writ levied upon the said goods purchased by Tuteur. The latter interposed a claimant's issue and gave bond for the release of the goods, as required by law.

The attachment was sustained against the defendant, Richards, and issue was joined in the claimant's issue resulting upon the trial in a verdict and judgment for the plaintiffs in attachment.

Among the instructions asked by the claimant, and refused by the court, was the following:

" 13. Mere suspicion was not enough to put A. Tuteur upon inquiry before he purchased the stock of goods from Richards, and if the evidence merely excited suspicion in your minds that Tuteur

was not a purchaser in good faith for valuable consideration of the stock from Richards, you will find for the defendant, A. Tuteur."

Numerous other instructions appear in the record, but the one above set out is the only one passed upon by the court in its opinion.

*Calhoon & Green*, for appellant.

The thirteenth instruction should have been granted. *Loughridge* v. *Bowland*, 52 Miss. 546 ; 42 Miss. 99 ; 43 Miss. 260 ; 50 Miss. 654 ; 52 Miss. 546.

By refusing this charge and giving the charges for plaintiffs, the court in effect charged that if Tuteur's suspicions were excited, he was infected with the fraud of Richards. This is not the law.

*S. S. Calhoon*, of counsel for appellant, argued orally.

*Smith & Powell*, for appellees, filed a brief and written argument reviewing the facts in evidence and contending that they established that Tuteur, the purchaser, had actual knowledge of the fraudulent intent of Richards, and certainly notice of such facts and circumstances as would put a prudent man upon inquiry as to the *bona fides* of the sale, and that he is thereby affected with notice of Richards' fraudulent intent, even though he paid a valuable consideration, and had no actual notice of the fraudulent design. Wait on Fraud. Con. 374, 490, 496 ; *Farmers' Bank* v. *Douglass*, 11 S. & M. 469 ; Bigelow on Frauds 386 ; Kerr on Frauds 316.

*R. C. Smith*, of counsel for appellees, made an oral argument.

ARNOLD, C. J., delivered the opinion of the court.

The thirteenth instruction asked by appellants should have been given. Its refusal, seems to rest upon the assumption that the cause might be decided against the claimant on mere suspicions of fraud. This was error. Mere suspicion on the part of Tuteur, that Richards intended to defraud his creditors, was not sufficient to put Tuteur on inquiry, or to vitiate the purchase made by him. Suspicion is not knowledge or proof, nor is it necessarily founded on evidence. It is defined by Webster to be the act of suspecting ; the imagination of the existence of something without proof, or upon very slight evidence, or upon no evidence at all. Mere suspicion, without any well-founded ground for belief, is not

notice of fraud, nor is it a cause for disturbing or invalidating the transactions of life.

It does not matter how fraudulently Richards may have acted toward his creditors, Tuteur is not affected by it, unless he purchased with intent to aid him in carrying out the fraudulent design, or had knowledge of it, or, what is the same thing, notice of such facts or circumstances as would lead a reasonable man to the conclusion, that fraud in fact existed or was intended by Richards. Wait on Fraudulent Conveyance, §§ 5, 6, 283; *Bank* v. *Douglass*, 11 S. & M. 469; *Loughridge* v. *Bowland*, 52 Miss. 546; *Simms* v. *Morse*, 4, Hughes 579; *Erb* v. *Cole*, 31 Ark. 554; *Jaeger* v. *Kelly*, 52 N. Y. 274; *Grant* v. *National Bank*, 97 U. S. 80.

Nor would mere suspicion on the part of the jury, warrant them in finding that Tuteur was not a *bona fide* purchaser. Fraud is not presumed, but it must be distinctly and satisfactorily proved, either directly, or by facts or circumstances from which it may reasonably be inferred. Authorities *supra* and *White* v. *Trotter*, 14 S. & M. 30; *Pratt* v. *Pratt*, 96 Ill. 184; *Shultz* v. *Hoagland*, 85 N. Y. 464.

*Reversed and remanded.*