WILLIAM FLUEGEL, JR. *vs.* FRANK HENSCHEL, *et al.*

Opinion filed April 9th, 1898.

**Fraudulent Conveyances—Knowledge of Grantee.**

> Where a conveyance of real estate is made by a grantor with intent to hinder, delay, and defraud creditors, and the grantee, not being a creditor of the grantor, has knowledge of such fact, the consummation of the transfer is such a participation in the fraud by the grantee as will invalidate the transfer, even where full consideration is paid.

**Suspicious Circumstances Exciting Inquiry.**

> In such a transfer, knowledge on the part of the grantee of such suspicious facts and circumstances as would put a prudent man on inquiry is equivalent to knowledge of all facts that would have been developed by a reasonable pursuit of such inquiry; but no duty of inquiry whatever devolves upon a grantee unless he has actual knowledge of some suspicious fact or circumstance.

**Transfer to Relative—Innocent Grantee Protected.**

> The fact that the parties to a conveyance are relations (in this case brothers-in-law) raises no presumption that such conveyance is fraudulent, but courts will scrutinize such transaction more closely than where no relationship exists. Where a grantee, who is innocent at the time he receives his deed, of any intent on the part of the grantor to defraud creditors, learns of such intent before final payment, he makes further payments to such grantor at his peril; and this is true even when the grantor holds the grantee's negotiable promissory note, not yet due, for such balance. When a grantee makes further payments under such circumstances, his deed will be set aside *pro tanto*, at the suit of the grantor's creditors, but such conveyance will protect such grantee for all payments innocently made, and his lien on the premises for such payments will be superior to the liens of the judgment creditors of the grantor, whose judgments are junior in time to the conveyance.

Appeal from District Court, Cass County; *Lauder*, J.

Action by William Fluegel, Jr., against Frank Henschel, Julia A. Henschel, F. W. Froemke, and Richard Crozier, to set aside a conveyance as fraudulent. From a judgment dismissing the action, plaintiff appeals.

Reversed.

*M. A. Hildreth*, for appellant.

The moment Froemke knew a suit had been commenced, he was aware that the bona fides of the land transfer were involved.

This notice was before full payment and as to moneys subsequently paid he was not a bona fide purchaser. Bump. Fraud. Conv. 477–478; 2 Bigelow on Fraud. 473; *Merritt* v. *Lambert*, 6 Hoffman Ch. Repts. 1103. He is protected for all payments made before notice but no farther. *Hardingham* v. *Nicols*, 3 Atk. 304; *Story* v. *Wilson*, 2 Atk. 630; *Jewett* v. *Palmer*, 7 Johns Ch. 65; *Ellis* v. *Tonsey*, 1 Paige, 280; *Frost* v. *Beekman*, 1 Johns Ch. 298. Notice arrests all further proceedings towards the completion of the purchase and payment. *Hedrick* v. *Strauss*, 60 N. W. Rep. 929; *Dougherty* v. *Cooper*, 77 Mo. 532; *Arnholt* v. *Hartwig*, 73 Mo. 485; *Bishop* v. *Schneider*, 46 Mo. 472; 8 A. and E. Enc. L. 756; 2 Pom. Eq. Jur. 209; *Wormley* v. *Wormley*, 5 L. Ed. 651. The claim of plaintiff should be paid out of the proceeds of the sale of the land subject to the right of Froemke for all payments made prior to notice of suit. *Clements* v. *Nicholson*, 18 L. Ed. 788. Froemke is protected *pro tanto*. *Pratt* v. *Clemens*, 4 W. Va. 447; *Merritt* v. *Lambert*, Hoff. Ch. 170; *Jewett* v. *Palmer*, 7 Johns Ch. 65; *Ellis* v. *Tonsley*, 1 Paige, 280. Deed can stand as security for what was actually paid. *Boyd* v. *Dunlap*, 1 Johns Ch. 477. Form of judgment. *Van Wyck* v. *Baker*, 16 Hun. 168; *Sargent* v. *Eureka*, 46 Hun. 19.

*Benton & Bradley*, for respondent.

The giving of a negotiable promissory note was sufficient to sustain the sale when attacked as fraudulent even though the note was not paid at the time of notice. *Tillman* v. *Heller*, 78 Tex. 597; 11 L. R. A. 628; *Nicol* v. *Crittenden*, 55 Ga. 497; *Prestige* v. *Cooper*, 54 Miss. 77. The transfer was valid upon the facts as they stood at the time it was made subsequent notice was not retroactive. 2 Bigelow on Fraud. 474; *Collom* v. *Cadwell*, 16 N. Y. 484; *Leitch* v. *Hollister*, 4 Comst., 211; *Barnaby* v. *Griffin*, 2 Comst. 365.

BARTHOLOMEW, J. The plaintiff, Fluegel, is a judgment creditor of the defendant Frank Henschel. Execution on said judgment having been returned nulla bona, he brought his action to

set aside as fraudulent the conveyance of a certain quarter section of land, made by Frank Henschel and Julia Henschel, his wife, to F. W. Froemke. Froemke is a brother to Mrs Henschel. Crozier was a mere nominal defendant. Nothing was claimed as against him, and he made no appearance. All the allegations of fraud contained in the complaint were put in issue by the joint answer of the other defendants. The trial court found that the conveyance was made by the Henschels with intent on their part to defraud the plaintiff, Fluegel. But the eighth finding of fact was as follows: "That the defendant F. W. Froemke purchased the land described in the fourth finding of fact in good faith, and for a valuable consideration, and without any knowledge whatever of any intent on the part of the defendants Frank Henschel and Julia A. Henschel to delay or defraud any creditors or other persons out of their demands against them, or either of them, and without any knowledge of facts and circumstances sufficient to put a prudent man upon inquiry as to the fact that it was the intention of the said Frank Henschel and Julia A. Henschel, in making such transfer, to delay and defraud creditors or other persons out of their demands against them, or either of them." Upon this finding, and the conclusion of law that necessarily followed, judgment was entered dismissing the complaint, with costs. From this judgment plaintiff appeals, and the case comes into this court for trial *de novo*.

Of the findings made, only the eighth is attacked; hence we need only consider the evidence in relation to that one finding. And it will be conceded, because nothing more is claimed, that we need consider the evidence only in its bearing upon two propositions: First: Did the grantee, Froemke, at the time he made the purchase, have knowledge of the fraudulent intent of the grantors in disposing of the land? It is, we think, the prevailing and correct rule that, where a conveyance is made to one not a creditor, and the grantee knows at the time that the grantor intends by such transfer to hinder, delay, or defraud his creditors, that mere consummation of the transfer under such

circumstances, even though based upon full consideration, is such a participation in the fraud by the vendee as will invalidate the transfer against existing creditors. *Wood* v. *Chambers*, 20 Tex. 247; *Craig* v. *Zimmermon*, 87 Mo. 475; *Chapel* v. *Clapp*, 29 Iowa. 191; *Liddle* v. *Allen*, 90 Iowa, 738, 57 N. W. Rep. 603; *Biddinger* v. *Wiland*, 67 Md. 359, 10 Atl. 202; *Smith* v. *Collins*, 94 Ala. 394, 10 South 334; *Bank* v. *Durant*, 22 N. J. Eq. 35; *Hathaway* v. *Brown*, 18 Minn. 414, (Gil..373;) *Hough* v. *Dickinson*, 58 Mich. 89, 24 N. W. Rep. 809; *Plow Co.* v. *Sherman*, 3 Okl. 204, 41 Pac. Rep. 623. And, second: Did the grantee, at the time of the transfer, have knowledge of such facts and circumstances as would put a prudent man upon inquiry, and which inquiry, if reasonably pursued, would have developed the fraudulent intent of the grantor? In law, knowledge of such suspicious facts or circumstances is equivalent to knowledge of whatever might have been learned by a reasonable pursuit of the inquiry suggested. *Jones* v. *Hetherinton*, 45 Iowa, 681; *Rindskopf* v. *Myers*, 87 Wis. 80, 57 N. W. Rep. 967; *Dyer* v. *Taylor*, 50 Ark. 314, 7 S. W. Rep. 258; *Holliday Case*, 27 Fed. 830; *Dodd* v. *Gaines*, 82 Tex. 429, 18 S. W. Rep. 618; *Iron Works* v. *Bresnahan*, 66 Mich. 489, 33 N. W. Rep. 834; *Hanchett* v. *Kimbark*, 118 Ill. 121, 7 N. E. Rep. 491. But there is great danger of pressing this rule too far. The law casts upon the vendee no duty to inquire into the motives or circumstances of his vendor unless he is in possession of such suspicions, facts, or circumstances. *State* v. *Merritt*, 70 Mo. 276; *Baker* v. *Bliss*, 39 N. Y. 70; *Stearns* v. *Gage*, 79 N. Y. 102; *Woodworth* v. *Paige*, 5 Ohio St. 70; *Tuteur* v. *Chase*, 66 Miss. 476, 16 South. 241; *Kemmerer* v. *Tool*, 78 Pa. St. 147. In this case the grantee testifies that he had no knowledge of any fraudulent intent upon the part of the grantor; that he had no knowledge that the grantor was indebted in any sum whatever except the sum of $800, which was secured by a mortgage upon the premises purchased, and which the grantee assumed; and that he had no knowledge of any fact or circumstance that led him to believe or suspicion that the grantors had any fraudulent intent in making the transfer; that

the consideration paid ($2,500) was the fair value of the premises, and that it was paid by assuming the mortgage of $800, and paying $400 in cash, and two promissory notes, one for $500 and one for $800, executed by the grantee to the grantor.   There is no direct testimony tending to contradict the grantee in any manner whatever, but appellant claims that certain admitted facts show that he had sufficient knowledge to arouse his suspicions, and put him upon inquiry.   The first circumstance seized upon by appellant is the fact that the grantor and grantee were brothers-in-law.   But the fact that the vendee and vendor are relatives should not, in our judgment, raise any presumption of fraud in the transaction, and this is the holding of the courts. *Blish* v. *Collins*, 68 Mich. 542, 36 N. W. Rep. 731; *Fraser* v. *Passage*, 63 Mich. 551, 30 N. W. Rep. 334; *Tompkins* v. *Nicols*, 53 Ala. 197; *Steele* v. *Ward*, 25 Iowa, 535; *Cooper* v. *Martin Brown Co.*, 78 Tex. 219, 14 S. W. Rep. 577.   It is true that it is held in some jurisdictions that, where a husband conveys to a wife, and the transfer is attacked by creditors, the burden of proof shifts, and the wife is held to show the bona fides of the transaction, (*Hooser* v. *Hunt*, 65 Wis. 71, 26 N. W. Rep. 442, *Reese* v. *Shell*, 95 Ga. 749, 22 S. E. Rep. 580) and in one case—*Satterwhite* v. *Hicks*, 57 Am. Dec. 577—this rule was applied when the parties were brothers-in-law.   The application of this rule would, however, make no difference in our decision of this case.

It also appears that after the *lis pendens* in this case was filed, but before the service of summons upon him, Froemke transferred the land to William Henschel, a brother to Frank Henschel. This was nearly a year after Froemke purchased; but we see nothing in this fact that throws any light upon the question of Froemke's knowledge at the time he purchased.   This last transfer seems to have been in the usual course of business.   Froemke bought the land on speculation, and sold it at an advance of $500. He testifies that at the time he sold it he knew nothing of the *lis pendens*, or of the commencement of this action.

Another circumstance upon which appellant places much

reliance is the fact that there was a discrepancy between the date of the notes and the deed on one hand and the acknowledgment of the deed on the other, while the evidence clearly shows that the papers were all drawn, acknowledged, delivered, and the cash payment made at the same time and place. The original action upon which plaintiff obtained judgment against Henschel was commenced on Monday, February 24, 1896. On that date the summons was served upon Henschel by leaving the same at his residence. The evidence shows that on February 23d Henschel and his wife had driven from their home across the country, about 30 miles, to Mrs. Henschel's father's home. This was in the immediate vicinity of Froemke's residence. On Wednesday, the 26th day of February, Froemke and the Henschels went to an attorney's office, where the notes were drawn and executed, and the deeds drawn and acknowledged, and the cash payment made. The notes and deeds were dated February 24th, while the acknowledgment was dated February 26th. It is the theory of appellant that Henschel had learned in some manner of the commencement of the action, and that he had the papers dated back in order that they might appear to antedate the binging of the suit. We think it a sufficient answer to this to state that there is no evidence whatever to show that Henschel had any such knowledge. He swears he had not. The deed did not in fact antedate the action, while it might just as well have done so had there been any ulterior purpose in the matter. All the parties testify that nothing was delivered, and no cash paid, until the 26th; and the mere fact of antedating the deed would be a subterfuge so useless that we cannot presume the most ignorant would have recourse to it. Moreover, it is established that this transfer had been arranged weeks before, and everything settled except the amount of the cash payment. On February 14th, Froemke wrote Henschel, saying, in effect, that he found that he could make the cash payment larger than he thought when they talked, and requesting Henschel to come over soon, as he was anxious to close the matter up. This letter was

introduced in evidence, and the envelope in which it was mailed. Under these circumstances, even if Froemke knew of the discrepancy,—which is very doubtful under the testimony,—we do not think the fact is of such a suspicious character that any duty of inquiry was thrown upon the grantee. We are therefore of the opinion that this finding of fact was fully warranted under the evidence, and should not be disturbed.

But upon another point we are constrained to reverse the judgment of the trial court. It is undisputed in this case (Froemke himself so testifies) that the promissory note of $800, given by Froemke to Henschel as a part of the purchase price of said land, was paid by Froemke, the grantee, to Henschel, the grantor, after this action had been commenced by service of summons on all the defendants, and before the maturity of the note. No finding of fact was made upon this matter in the lower court, nor was any such finding asked. The point does not seem to have been called to the attention of the court, but it is urged here, and, as we try the case *de novo*, we cannot ignore it. However innocent of all knowledge of Henschel's intent to defraud Froemke may have been prior to the service of such summons upon him, after such service he was, in law, chargeable with such knowledge. Thenceforth he was bound to make no further payments to his grantor, because whatever might be owing to the grantor belonged in justice and equity to the creditors whom he had defrauded. A grantee who, before full payment; receives knowledge that the transfer was fraudulent on the part of his grantor, makes further payments to his grantor at his peril. As to such payments he is regarded as a participant in the fraud, and the conveyance may be set aside *pro tanto*. *Crawford* v. *Kirksey*, 28 Am. Rep. 704; *Rhodes* v. *Green*, 36 Ind. 7; *Perkins* v. *Swank*, 43 Miss. 349; *Hedrick* v. *Strauss*, (Neb.) 60 N. W. Rep. 928; *Davis* v. *Ward*, 109 Cal. 186, 41 Pac. Rep. 1010; *Jewett* v. *Palmer*, 7 Johns. Ch. 65; *Frost* v. *Beekman*, 1 Johns. Ch. 298; *Arnholt* v. *Hartwig*, 73 Mo. 487. The grantee's conveyance will protect him to the extent of all payments innocently made, in ignorance of the fraud

of his grantor; and where a decree is entered directing the sale of the land to satisfy a judgment against the grantor, the decree should provide that from the proceeds of the sale the grantee be first reimbursed in full for all payments made by him prior to his knowledge of his grantor's fraud. It is only as to the excess over such payments that the rights of the grantor's creditors are superior to the rights of the grantee. See cases cited *supra*, and also *Kitteridge* v. *Chapman*, 36 Iowa, 348; *Green* v. *Green*, (Kan. Sup.) 21 Pac. Rep. 586, 16 Am. & Eng. Enc. Law, 838, note; *Clements* v. *Moore*, 6 Wall. 299; *Sargent* v. *Apparatus Co.*, 46 Hun. 19.

But it is urged in this case that the grantee had executed and delivered to the grantor his negotiable promissory note for the unpaid balance; and that, since the grantor might at any time transfer such note to an innocent purchaser, in whose hands the grantee would be compelled to pay it, therefore he had the right to protect himself against the note by payment to the grantor at any time before maturity, and that it would be unjust to him to require him to pay it again, or, in default, have his deed set aside. But, if he suffer any hardship, he has brought it upon himself. In this case the grantor was a party to the action; he was before the court. If he had the note in his possession or under his control he could be compelled to surrender it for cancellation. No injustice could have been done to the grantee. This the grantee must have known. He also knew that the grantor still held the note. To sanction a payment, such as was made in this case and in anticipation of a transfer of the note, would open a palpable door for fraud. The authorities are practically uniform in holding that the execution and delivery of negotiable paper for the purchase price, or any part thereof, does not constitute payment as between the grantor and grantee so long as such paper remains in the hands of the grantor. *Freeman* v. *Deming*, 3 Sandf. Ch. 327; *Partridge* v. *Chapman*, 81 Ill. 137; *Baldwin* v. *Sager*, 70 Ill. 503; *Rush* v. *Mitchell*, 71 Iowa, 333, 32 N. W. Rep. 367; *Paul* v. *Fulton*, 25 Mo. 163; *Dixon* v. *Hill*, 5 Mich. 404; *Davis* v. *Ward*, *supra*; *Kittridge* v. *Chapman*, *supra*; *Arnholt* v. *Hartwig*,

*supra.* Following these authorities as applied to undisputed facts in this case, justice required a different decree from that ordered by the trial court. Of course no decree can be rendered, as the case now stands, affecting the rights of the defendant Crozier, who held the prior mortgage on the land in controversy, the validity of which is in no manner questioned. The District Court of Cass County is directed, on application, to set aside the decree heretofore ordered in this case, and order a decree setting aside and canceling the deed made by the defendants Frank Henschel and wife to the defendant Froemke, and hereinbefore more particularly described, as against the plaintiff, William Fluegel, and establishing a lien upon the land in said deed described in favor of the defendant Froemke for the sum of $400, being the amount of the cash payment made at the time of the delivery of said deed, and the further sum of $500, paid by Froemke to Henschel on the purchase price of said land, prior to any notice to Froemke of the intent to defraud on the part of his grantor, and which said lien so established shall be prior and superior to the lien of the judgment of the plaintiff, Fluegel, against the defendant Frank Henschel. The plaintiff will recover his costs and disbursements in both courts.

Reversed. All concur.