WATT, Respondent, v. AYLWARD et al., Appellants.

(147 N. W. 978.)

1. **Appeal—Error—Fraudulent Conveyances—Setting Aside—Evidence—Review—Preponderance, Against Findings.**

In an action to set aside an alleged fraudulent conveyance, held, that the trial court was justified in disbelieving grantee's testimony as to his lack of knowledge of grantor's fraud when he made certain payments on purchase price after service of summons. Held, further, that, to justify setting aside trial court's findings, a clear preponderance of evidence contrary thereto is necessary.

2. **Fraudulent conveyances—Knowledge and Intent of Grantee—Payment of Consideration With Knowledge.**

A grantee of one who conveyed land for purpose of defrauding creditors, and who had knowledge of the fraud long before he paid any consideration except a small amount, made further payments at his peril, though innocent of any intentional participation in the fraud at the time of transfer.

(Opinion filed June 29, 1914.)

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Emra Watt against John Aylward and another, to set aside an alleged fraudulent conveyance of land. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*William McDonnell*, and *W. J. Hooper*, for Appellants.

*N. D. Burch*, and *Geo. A. Buffington*, for Respondent.

(1) Under point one of the opinion, Appellants submitted that: There is no evidence to show either fraudulent intent on

part of vendor, or vendee's knowledge of such intent if in fact it existed.

(2) Under point two of the opinion, Respondent cited:

Fluegel v. Henschel, 7 N. D. 276, 74 N. W. 996.

GATES, J.   On April 3, 1909, the defendant, John Aylward set a fire which caused damage to certain property of plaintiff. Defendant was at that time the owner of a quarter section of land in Gregory county.   On April 13, 1909, a deed of the property to his brother Frank (co-defendant herein) was executed and acknowledged.   On May 10, 1909, plaintiff began an action in the circuit court of said county against John Aylward, which resulted in a judgment for damages in favor of plaintiff for $606.25. Execution was issued and returned wholly unsatisfied.   The next day after the service of the summons in that action, the deed above mentioned was recorded.   The consideration of said deed was $5,600, of which $50 was paid in cash; a prior mortgage of $700 assumed; and three promissory notes given by Frank Aylward to John Aylward, one for $1,650 due in April, 1910, one for $1,600 due in April 1912, and the other for $1,600 due in April, 1914. In February, 1912, the present action was begun.   Both defendants answered by an answer served on March 2, 1912.   The notes due in April, 1910, and April, 1912, were not paid when due but both were paid to John Aylward in August, 1912.   The third note was unpaid at the time of the trial.   The present action was brought to set aside the said transfer, as in fraud of the plaintiff's rights, under the provisions of section 2368 C. C.   The trial was had to the court.   The fourth, fifth and sixth findings of fact are as follows:

"4th.   That at the time of said transfer, defendant, Frank Aylward, paid the sum of $50.00 in cash and gave his three promissory notes in payment therefor.

"5th.   That after the maturity of two of said notes, one for the sum of $1,600.00 and one for the sum of $1,650.00 the said Frank Aylward paid to his said brother John Alyward the sum of $3,250.00 in payment of said notes.

"6th.   That at the time of the payment of said notes the defendant, Frank Alyward, had notice of the claim of plaintiff and made payment thereof after the commencement of this action and after having answered herein and thereby became a party to the

fraud of John Aylward and not an innocent transferee of said property."

As conclusions of law, the trial court found:

"That the deed from John Aylward to Frank Aylward should be canceled and set aside, and held for naught as against the plaintiff, and the plaintiff's judgment declared a lien against said real property, subject only to the lien of taxes, the first mortgage against said land to the Peters Trust Company, and the sum of $50.00 paid by Frank Aylward before notice of fraud."

Judgment was entered May 12, 1913, in accordance therewith and from such judgment and the order denying a new trial the defendants appeal.

[1] The sole ground of appeal argued is the alleged insufficiency of the evidence to sustain the findings. A careful review of the evidence fails to disclose that clear preponderance favorable to defendants which is necessary to justify the setting aside of the findings of the trial court. In this case, the evidence on the part of plaintiff was largely circumstantial. The evidence on the part of defendants consisted solely of the testimony of defendant, Frank Aylward. It is manifest that by its findings, the trial court discredited the portion of his testimony relating to his lack of knowledge of the fraud at the time he paid the first two notes. The court was justified in disbelieving such lack of knowledge because of a stipulation in the record that the summons in this action was served upon both defendants. In Gingles v. Savings Bank, 33 S. D. 351, 146 N. W. 596, this court after reiterating the above rule as to the clear preponderance of the evidence said:

"We are convinced that the credibility of witnesses who testified at the trial must have been a controlling factor, in the decision of the trial court and in such cases it would require most convincing circumstances to justify this court in reversing the findings of the trial court."

The "convincing circumstances" which would authorize us to set aside the findings of the trial court are absent from this case.

[2] The evidence clearly establishes the fact that Frank Aylward had full knowledge of the alleged fraud in the transaction at least five months prior to the time that he parted with any consideration, except the $50 and taxes paid, even if he was innocent of any intentional participation in the fraud at the time of the

transfer. He therefore made payment of the two notes at his peril. Fluegel v. Henschel, 7 N. D. 276, 74 N. W. 996, 66 Amer. St. Rep. 642. The judgment of the trial court protected his rights as to payments innocently made. Nothing was set forth in the findings or judgment as to the third note outstanding which it is shown is held by a third party. There is nothing to show that the land is not fully worth the amount of the purchase price, therefore any question as to appellant's right of protection against that note became immaterial.

Finding no error in the record, the judgment and order denying a new trial are affirmed.