JOSEPH FRENCH, in equity, *vs.* GEORGE H. MOTLEY *et ux.*

*Husband may prefer his wife before other creditors.*

In the absence of proof sufficient to establish a common fraudulent intent on the part of husband and wife, his other creditors cannot complain of his preference to discharge a debt to her rather than to them.

The fact that the debt, and a note originally given therefor, have existed for a period sufficient for the statute of limitations to bar an action upon them, is not conclusive evidence of a want of good faith; nor will a mere suspicion, arising from the relation of the parties suffice for this purpose.

French *v.* Motley.

BILL IN EQUITY, brought under R. S., c. 61, § 1, by an execution creditor of George H. Motley to compel the payment of the debt out of land conveyed by Seth H. Faunce to Mrs. Motley, upon the ground that the property was purchased by the husband and paid for with his earnings and labor, and that the wife paid no part of the consideration for it. Mr. Motley cleared a piece of land for Mr. Faunce, and to compensate him therefor, these premises, were, by his direction, conveyed to his wife, it having been originally agreed that he should take his pay for his services in this land. It was set up in defence that Mrs. Motley had, some years before, lent to Mr. Motley money which she said came to her from the estate of a former husband, (Sidney P. Poole) and that it was then agreed that he should invest it in a small homestead for her, and that this one was purchased by him for her, and as her agent, in pursuance of that arrangement; and that the building placed upon the land was bought by Mr. Motley of John J. Perry, and paid for by Motley's labor, under the same arrangement. To substantiate her claim, Mrs. Motley produced a note for $375, dated at Minot, August 26, 1857, payable on demand with interest. Upon its face it purported to be witnessed by Martha Farris, mother of Mrs. Motley, but Mrs. Motley in her deposition, taken in her own behalf, testified that her husband wrote Mrs. Farris' name upon the note. The probate records and a deposition of the administrator of Poole's estate were introduced to show that the widow did not receive from that source six hundred dollars (as alleged in her answer) nor quite $375, and that part of this was not paid till after 1857. The land conveyed by Faunce to Mrs. Motley was valued by the parties at $110, which sum was indorsed on the note. The building bought of Perry was worth only about twenty dollars.

*Sanderson & Bearce*, for the complainant.

*John J. Perry*, for the respondents.

---

Sampson v. Sampson.

---

RESCRIPT.

A husband may lawfully pay a *bona fide* debt due from him to his wife, for money of her own lent to him after marriage, by procuring, with her assent, a conveyance to her by a third person of land paid for by him.

When such conveyance is accepted by her in payment of such debt, she holds the land as if bought and paid for by herself with her own money or means, and it is not liable to be taken as the property of the husband, to pay his debts, contracted before such purchase.

In the absence of proof sufficient to establish a common fraudulent intent and design on the part of the husband and wife, his other creditors cannot complain of his preference to discharge his debt to her, rather than to them.

The fact that the debt to the wife has subsisted more than six years prior to such payment, and that the note originally given for it is barred by the statute of limitations is not conclusive evidence of a want of good faith.

The creditor in this case fails to show to the satisfaction of the court that the wife should not be regarded as the *bona fide* purchaser, for value, of the property conveyed to her.

Mere suspicion, arising out of the relation of husband and wife, will not suffice for that purpose.          *Bill dismissed with costs.*