## LANGFORD v. THURLBY.

1. **Fraudulent Conveyance:** HUSBAND AND WIFE. Where a husband and wife, by their joint industry and management, acquire property, and keep it in the husband's name, a conveyance thereof without consideration by the husband to the wife, to the prejudice of existing creditors of the husband, cannot be upheld.

*Appeal from Union District Court.*

THURSDAY, DECEMBER 7.

THIS is an action in equity by which it is sought to subject certain real estate, the title to which is in the appellant, to the payment of a judgment against G. W. Thurlby, the husband of the defendant. There was a decree for the plaintiff, and defendant, Harriet Thurlby, appeals.

*Stuart Bro's* and *Geo. P. Wilson*, for appellant.

*Chambers* and *McElroy*, for appellee.

ROTHROCK, J.—I. The appellee makes the question that the cause cannot be tried anew in this court because of the insufficiency of the certificate to the evidence. In view of the fact that the appellee has presented an additional abstract of the evidence, and makes no claim that the two abstracts do not contain all the evidence, and in view of the conclusion we have reached upon the merits of the case, it is unnecessary to determine the questions of practice presented in appellee's argument.

II. The plaintiff, by his petition, sought to subject a number of town lots and tracts of land to the payment of his judgment. The court by its decree directed that four lots in the city of Creston be sold to satisfy the judgment. The other lots and lands were not affected by the decree, and the plaintiff does not appeal. The question presented by the appeal embraces the correctness of the decree as to the four lots which were subjected to the payment of the judgment.

It appears from the evidence, that in the year 1857, the plaintiff, Langford, became surety on a promissory note for G. W. Thurlby in the sum of $362. The note was payable to Woodruff and Curtis in the State of Illinois. In December, 1858, judgment was recovered on said note in the State of Illinois, against both of the makers thereof. Afterwards the plaintiff herein and said Thurlby removed to this State, and in 1873 a suit was brought against them on a transcript of the judgment in Illinois, and judgment was rendered thereon against them, in 1874, in the Wapello County District Court. In September, 1875, the plaintiff paid in full settlement of said judgment the sum of $422.79; and, in the year 1879, he commenced an action and recovered judgment against said Thurlby for the amount so paid. Execution was issued on the judgment and nothing was made thereon, and it is admitted that Thurlby is insolvent.

Thurlby and his wife, the appellant herein, removed to this State in 1867. He was an industrious man, of good habits, and obtained employment as foreman of track-laying on the B. & M. R. R., then in course of construction. His wife kept the boarding cars for the track layers, and he lived in the cars with her. Afterwards they erected a hotel and kept it at a station called Cromwell. They removed the hotel to Creston and used the material in erecting a larger building on part of the lots in controversy in this action. They did a profitable business and acquired other lots and lands. Up to January, 1876, the title to all the property was in G. W. Thurlby, and, so far as the records of title show, the wife made no claim to any of it. She joined with her husband in conveyances by deed, and in mortgages, in which it was recited that she released her dower in the premises conveyed or mortgaged. The hotels kept by them were run in the husband's name, as appeared by the hotel registers, and by printed letter heads, and by advertisements in the newspapers.

Suits were brought by the husband against parties for board at the hotel, in which it was alleged that the parties

defendant were indebted to him. In short, the husband was held out to the world as the proprietor of the business. In January, 1876, he conveyed all of the property to his wife, and since that time he has had no property in his own name.

It is now claimed by the defendants that the wife brought with her to this State some $600 or $700 which she had accumulated by keeping boarders and sewing, and that the husband was in total ignorance of the fact that she had said money, and was not advised of it for several months after they arrived in this State, and that she kept the boarding cars on her own account, and that she was the real owner of all the real estate from the beginning; that the husband had no interest whatever in the hotel business; that all the deeds and mortgages were made to and by him by mistake; that suits were brought in his name by mistake; that, in fact, the whole course of business was a grave mistake, and that the wife's name should have been used instead of that of the husband in the transaction of all the business.

There is no claim made that the wife had any property or money when she was married. The husband was in debt in Illinois, and shortly before he conveyed all of the property to the wife, an action was brought on one of these debts. He was also at the same time indebted on the claim now in controversy. We have, then, the common case of a husband and wife acquiring property by their joint industry and management, with all the property in the husband's name, and a conveyance thereof without consideration to the wife, to the prejudice of existing creditors of the husband.

This is what the courts every where denominate a voluntary conveyance, and it cannot be upheld. The decree of the District Court is clearly correct.

AFFIRMED.