94   301
109  486

## JANE LETZ v. J. D. SMITH AND SARAH J. SMITH, Appellants.

**Fraudulent Conveyance:** EVIDENCE: DEED FROM HUSBAND TO WIFE.
She claims he owed her $1,800, with interest for twenty-eight
years; that the principal was a gift from his father to her. The
evidence shows that a gift to her was largely used in maintaining
the family and in ventures. The land was partly paid for with
an inheritance of the husband. A bill of sale to all non-exempt
property was taken contemporaneously. The wife joined in several mortgages on the land. The conveyance was made to prevent the collection of plaintiff's judgment. *Held,* the evidence
does not establish that the wife was ever the husband's creditor.

*Appeal from Adair District Court.*—HON. J. H. HENDERSON, Judge.

### FRIDAY, APRIL 5, 1895.

This is a suit in equity to subject certain real estate
to the payment of a judgment in favor of the plaintiff,
and against the defendant J. D. Smith. The defendants are husband and wife. After the cause of action
upon which the judgment was rendered accrued, but
before suit was brought thereon, the husband conveyed
the real estate to his wife, and the plaintiff claims that
the conveyance was fraudulent as to the creditors of the
husband. There was a decree for the plaintiff, and
the defendant Sarah J. Smith appeals.—*Affirmed.*

*Seever & Neal* for appellants.

*Storey & Gaines* for appellee.

Rothrock, J.—The land sought to be subjected
to the payment of the judgment consists of a farm of
one hundred and sixty acres, which the defendants

occupy as a home. The decree from which the appeal is taken exempts the homestead from its operation. The question to be determined is whether the title taken by the wife from the husband is valid as against the plaintiff's judgment. This must be determined by the evidence. Without repeating the testimony in detail, we will state the facts which appear to us to be established by a fair preponderance of the evidence. The defendants were married in the year 1855, at Pella, in this state. In 1861 they removed to the state of Indiana, where the father of J. D. Smith resided, and they remained there until 1865, when they returned to this state. The real estate the title to which is in question in this suit was purchased and conveyed to the husband in the year 1872, and he held the title for twenty-one years, when he made the conveyance in question. At the time that the conveyance was made to the wife, the husband made a bill of sale of all the personal property on the farm except such as was exempt from execution. The evidence conclusively shows that the conveyance was made to prevent the plaintiff herein from collecting the claim held against the husband.

The ground upon which the title in the wife is sought to be maintained is that she was a creditor of the husband; that he was indebted to her in the sum of one thousand eight hundred dollars, with interest thereon from about the year 1865. The evidence upon which it is sought to establish the fact that the husband was actually indebted to the wife in the sum of one thousand eight hundred dollars, with interest for about twenty-eight years, consists of the testimony of the wife. We concur with the district court in the conclusion that no valid, legal claim existed in favor of the wife against the husband. A very strong circumstance against the claim of the wife is that she never at any

time had any money or property in her own right. The one thousand eight hundred dollars which she claims she held as a debt against her husband came from her husband's father. It is true she states it was given her by her father-in-law; but it appears that nearly all of it was used in maintaining the family and in other ventures, and that the real estate in controversy was purchased and partly paid for with money which the husband afterward inherited from his father; and the further fact appears that the appellant several times joined with her husband in the execution of mortgages upon the land.    Taking all the facts and circumstances into consideration, we conclude that the evidence does not show that the relation of debtor and creditor, in a legal sense, at any time existed between the husband and the wife.    Without that relation the conveyance of the farm to her cannot be sustained. As bearing upon the rights of the parties, see *Jones v. Brandt*, 59 Iowa, 332; *Romans v. Maddux*, 77 Iowa, 203, *Watson v. Riskamire*, 45 Iowa, 231; *Hanson v. Manley*, 72 Iowa, 48.    The decree of the district court is *affirmed*.