ANNA S. WOODS, Appellant, v. EVELYN ALLEN and REUBEN ALLEN.

**Fraudulent Conveyance:** HUSBAND AND WIFE. *Proof of creditorship.* A conveyance of real estate from a husband to his wife, prejudicial to his creditors, cannot be sustained unless the relation between them of debtor and creditor is shown.

EVIDENCE ON. A husband testified that his wife gave him money to operate with, for which he made no note; that there was no definite understanding that it should be paid back, and that she only wanted something in her name most of the time to pay her "What was her dues;" that she had property in her name most of the time, and then owned property worth about $10,000. It also appeared that he had loaned $50,000, most of which he lost; that there was no definite arrangement between them about what part, if any, belonged to her, and no understanding as to the losses she should bear. She testified she furnished him money to handle as best he could and that she expected that he would repay it as she needed it, but that there was no contract that he would repay the money or account for profits, and that the understanding "was the same as any woman has to her own money." *Held,* not to establish a contractual relation between them as to the wife's separate money, sufficient to support his conveyances of real estate to her prejudicial to his creditors.

2. TRUST RELATION: *Not proven.*

SPECIAL ARRANGEMENT TO REPAY ADVANCES. A conveyance from a husband to his wife solely in consideration of money she had previously furnished to him, without a special arrangement to

3  repay the same, will not be upheld to the prejudice of the hus-
band's creditors.

INSOLVENCY: *Burden of proof.*  In an action b; a husband's creditors
4  to set aside a voluntary conveyance to his wife, the burden is on
defendants to prove his solvency at the time of the conveyance.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

MONDAY, OCTOBER 23, 1899.

SUIT in equity to subject certain lots in the city of
Des Moines, the title to which is in the defendant Evelyn
Allen to the payment of a judgment held by plaintiff against
Reuben Allen.  The trial court dismissed the plaintiff's peti-
tion, and she appeals.—*Reversed.*

*Dunshee & Allen* for appellant.

*Barcroft & McCaughan* for appellees.

DEEMER, J.—Reuben Allen became indebted to plain-
tiff in the year 1892, and the claim was put in judgment
in April of the year 1896.  After the debt was contracted,
but before the entry of judgment, Reuben Allen conveyed
the lots in dispute to his wife, Evelyn Allen.  Plaintiff
contends that this conveyance was without consideration, and
was made with intent to hinder, delay, and defraud the
creditors of Reuben Allen; while defendants say that the
conveyance was made in consideration of certain money
loaned by Evelyn to her husband, Reuben, or in satisfac-
tion of a trust resulting from the fact that she furnished
the money with which the title to the property was pro-
cured.

That Mrs. Allen furnished her husband money many
years ago may, for the purposes of the case, be conceded, but
that there was any promise on his part to repay the same
is disputed.  Careful consideration of the record
1     leads us to the conclusion that there was no such
promise.  A conveyance of real estate from husband

to wife, in prejudice of the rights of the husband's creditors, cannot be sustained without satisfactory evidence of actual contractual relations between them with reference to the wife's separate money or property. In other words, the relation of debtor and creditor must be shown. *Romans v. Maddux,* 77 Iowa, 206; *Letx v. Smith,* 94 Iowa, 301. Reuben Allen testified that his wife gave him money to operate on; that he made no note; that there was no definite understanding that the money should be paid back; and that the only understanding between them was that she, the wife, wanted something in her name most of the time, to pay her "what was her dues." He also testified that the wife had property in her name most of the time, and that at the time of trial she owned two pieces of property in the city of Omaha worth something like ten thousand dollars. It also appears that when the defendants came to Des Moines the husband had about fifty thousand dollars in money, which he loaned to various parties in the last-named city, and most, if not all, of which he lost. The record further discloses that there was no definite arrangement between husband and wife about what part of this money, if any belonged to the wife, and no understanding about what part of the losses she should bear. The wife testified that she furnished her husband money to handle as best he could, and that she expected he would repay it as she needed it, but that there was no contract between them that he should repay the money or account for the profits; that the only understanding there was "was the same that any woman has to her own money." This evidence falls far short of establishing a contractual relation between husband and wife.

The trust theory is equally without merit. Viewed in its most favorable light, the evidence shows that Mrs. Allen furnished her husband something like six thousand dollars, with which to operate, with no express agreement to repay the same. Through their joint efforts, this sum was increased to about sixty-five thousand dollars, twenty-five thousand dollars of which was rep-

resented by property in the name of the wife. With the exception of the two pieces of property now standing in the name of the wife (not including the property in dispute), this property was converted into money, which the husband brought with him to Des Moines. This money, aside from about eight thousand dollars, which was invested in a homestead, which the parties now own, was lost through improvident loans made by the husband. Under any theory of the case, the wife should bear one-half of the losses growing out of these transactions. Deducting these losses, it will be found that the wife had much more than her share of the property before the conveyance in question was made.

Neither husband nor wife contends that all the property purchased by the husband, or acquired by him, belonged to the wife. If there was any understanding between them, it was to the effect that the wife was to have some real estate in her name, and that whenever the wife demanded it real estate was conveyed to her. The property was all acquired through their joint industry and management, and the conveyance to the wife, without any other consideration than the furnishing of money by her previous to that time, without any specific agreement to repay the same, will not be upheld, to the prejudice of the husband's creditors. *Langford v. Thurlby,* 60 Iowa, 105.

As the conveyance was voluntary, the burden is on the defendants to prove the husband's solvency at the time he made the conveyance. Bump Fraudulent Conveyance, sections 249, 256. This they have failed to do, and the conveyance should be set aside. The case is ruled by *Romans v. Maddux, supra.* For the reasons stated, the decree is reversed, and the cause is remanded for a decision in harmony with this opinion.—Reversed.