# FIRST STATE BANK OF ELKTON V. O'LEARY *et al.*

1. Com. Laws, § 3298, declares that instruments affecting real estate, other than wills, executed with intent to defraud, are void as against purchasers or incumbrancers for value; and Section 4659 provides that the question of fraudulent intent is one of fact, and that no transfer shall be declared fraudulent solely because it was not made for a valuable consideration. *Held*, that the fact that a husband conveyed land to his wife without consideration, while deeply in debt, was but a circumstance to be considered with other evidence in determining the question of fraudulent intent; and hence a finding by the trial court that the conveyance was not fraudulent will not be reversed on appeal, where there is not a clear preponderance of evidence against it.

2. A husband, in an action to subject land conveyed to his wife to his debts, testified that the personalty belonged to his wife prior to 1893, and she stated that the personalty was not assessed and did not belong to her prior thereto. The husband's sworn tax list for 1893 was introduced, showing that the land and personalty belonged to him, and the court refused to allow plaintiff to introduce similar lists showing the personalty belonged to the wife in subsequent years, for the purpose of proving that the personalty was transferred to the wife at or about the time of the transfer of the land. *Held*, that the exclusion of such lists was without prejudice, since the husband's evidence was contradicted by the list of 1893, and the other lists only tended to establish the undisputed fact that the property belonged to the wife after 1893.

3. In an action by a creditor to subject land transferred by a husband to his wife on July 29th to the payment of the husband's indebtedness, the exclusion of another deed executed 28 days previously by the husband and wife, conveying a homestead to a third party, and his reconveyance on the same day to the wife, was without prejudice, where the husband testified that the latter conveyance was made without consideration, and the creditor had the benefit of the fact of the conveyance of the property, as bearing on the question of fraudulent intent, by other undisputed evidence.

(Opinion filed June 1, 1900.)

Appeal from circuit court, Brookings county.  Hon. J. O. ANDREWS, Judge.

Action by the First State Bank of Elkton against Mary O'Leary and others to set aside a conveyance as fraudulent as to creditors.  From a judgment in favor of defendants, plaintiff appeals.  Affirmed.

*Alexander & Hooker* and *Mathews & Murphy*, for appellant.

*Cheever & Hall*, for respondents.

HANEY, J. This is an action to subject certain realty, record title to which is in defendant Mary O'Leary, to the satisfaction of a judgment against her husband, on the theory that it was conveyed to her with intent to delay and defraud her husband's creditors.  Plaintiff appeals from a judgment in favor of the O'Leary's, and from an order denying a new trial.

It is contended that the evidence is not sufficient to justify the decision.  The only material issues raised by the pleadings are whether the transfer from Con O'Leary to his wife was made with intent to delay and defraud his creditors, and whether the wife had knowledge of such intent.  Even where the husband has a fraudulent intent, the transfer will not be defeated unless the wife has knowledge of it.  Williams v. Harris, 4 S. D. 22, 54 N. W. 926.  In these cases the question of fraudulent intent is one of fact, and not of law, nor can any transfer be adjudged fraudulant solely on the ground that it was not made for a valuable consideration.  Comp. Laws, § 4659.  The consideration is a circumstance to be considered in connection with all the evidence in ascertaining with what intent the transfer was made, but is not in itself an essential element of a fraudulent transfer,  While the decision of the

trial court contains unnecessary recitals of evidential facts, it is sufficient to support the judgment. It contains the following findings: "That Con O'Leary did not convey the said real estate in question to his wife with the intention or for the pur-pose of hindering, delaying, or defrauding his creditors in the collection of their debts; that the defendant Mary O'Leary did not participate in said conveyance with the intention of hinder-ing, delaying, or defrauding the creditors of the said defendant Con O'Leary, and had no knowledge that said Con O'Leary was making the said conveyance with the intent or the effect of hindering, delaying, or defrauding his creditors." If the grantor did not intend to delay or defraud his creditors, plain-tiff's action must fail. His intent was a question of fact, to be determined by the trial court from a consideration of all the evidence—a question peculiarly within the province of a trial court or jury. The credibiiity of witnesses is always a ques-tion for the trior of facts. In this case the grantor and the grantee went upon the stand, and fully disclosed the circum-stances attending the transfer. If their testimony was worthy of belief, the court below was justified in finding that such transfer was not made with intent to delay or defraud creditors. Assuming that the learned circuit judge indulged all proper presumptions arising from the relation of the parties, we can-not say there is a clear preponderance against his findings, and they cannot be disturbed. Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4.

It being thus established that the transfer was not made with fraudulent intent, it is unnecessary to consider the effect of payments by the grantee after proceedings were commenced by the plaintiff to enforce its claim against the land in contro-

versy.   A list of taxable property belonging to Con O'Leary, subject to taxation in 1893, sworn to by him, describing the land in controversy, the O'Leary homestead, and personal property valued at $216, and containing the following statement, was received in evidence:  "I do hereby declare under oath that the foregoing list, according to my best knowledge and belief, is a true statement of all my property liable to execution, and that I have included in said tax list all bonds, notes and other evidences of indebtedness, except such as are by statute exempt from taxation.   I also declare that I have not conveyed or temporarily disposed of any property for the purpose of evading assessment or taxation."   A similar list of taxable property belonging to Mary O'Leary in 1894, sworn to by Con; a similar list of taxable property belonging to the wife in 1895, sworn to by her; and a similar list of taxable property belonging to the wife in 1896—were offered in evidence.   Defendant objected to these lists, so far as they relate to personal property, and the objection was sustained.   The manifest purpose of this evidence was to show that the personal property kept on the farm was transferred by the husband to the wife at or about the time of the alleged fraudulent transfer of land. Mr. O'Leary testified, in effect, that the personal property was owned by his wife in 1893 and prior thereto; that it was assessed to him prior to 1894, because he owned the land.   Mrs. O'Leary testified that the personal property was not assessed to her before 1893, because it did not belong to her until then, and that it was assessed to her after she bought it.   It thus appears from defendant's testimony that the wife owned, or claimed to own, the personal property after 1893, and the assessment list of 1893 was in evidence to contradict the husband's

statement that his wife owned it from the time they left Minnesota.   Had the excluded lists been received, they would only have tended to establish the undisputed fact that both defendants claimed the property belonged to the wife after 1893.   No fair and reasonable inference consistent with the theory of a fraudulent transfer of the land could be drawn from the excluded evidence, which does not arise from the record as it now stands, and therefore plaintiff could not have been prejudiced by its exclusion.

A deed from O'Leary and wife to a third party, and one from him to Mrs. O'Leary, each executed July 1, 1893, and purporting to convey land conceded to be the O'Leary homestead, were excluded.   Plaintiff was not prejudiced by their rejection, because Con O'Leary was permitted to testify, on cross-examination, that the homestead was conveyed to the wife without any consideration.   If the conveyance of this absolutely exempt property was a circumstance of any weight whatever in determing the intent of the parties with respect to the alleged fraudulent transfer which was made July 29, 1893, plaintiff had the benefit of such circumstance by reason of other undisputed evidence.   The judgment of the circuit court is affirmed.