# WANNEMACHER v. MERRILL et al.

(132 N. W. 412.)

**Fraudulent conveyances — notice to grantee — duty to make inquiry.**

1. Knowledge on the part of the grantee of land, of such suspicious facts, and circumstances as would put a prudent man on inquiry as to the grantor's intention in making a conveyance, is equivalent to a knowledge of all the facts which would be developed by a reasonable pursuit of such inquiry, yet no duty of inquiry as to fraudulent intent of the grantor devolves upon the grantee, unless he has actual knowledge of some suspicious circumstance. Following Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996.

**Fraudulent conveyances — grantee's knowledge of fraud.**

2. Evidence considered, and *held* that defendant Emma I. Merrill, the grantee in the mortgage sought by this action to be set aside as fraudulent, had no knowledge of any fraudulent intent on the part of her grantor or mortgagor, and had no actual knowledge of any suspicious fact or circumstance sufficient to put her on inquiry.

**Fraudulent conveyances — right to prefer creditors.**

3. In the absence of fraud, a debtor may pay or secure one creditor, to the exclusion of others, and may pay one or more creditors in preference to others, although all his property may be used in making such payment.

**Fraudulent conveyances — mortgage to preferred creditors.**

4. Evidence considered, and *held* that the defendants Walter W. Merrill and E. P. Merrill had the right to prefer their mother, Emma I. Merrill, by delivering and executing to her the mortgage in question to secure an antecedent debt due by them to her.

**Fraudulent conveyances — preference to creditor — good faith of creditor.**

5. Evidence considered, and *held,* that at the time of the execution and delivery of the mortgage in question the defendant Emma I. Merrill was a bona fide creditor of the defendants Walter W. and E. P. Merrill, and that at said time said Walter W. and E. P. Merrill were justly indebted to her in the sum of at least $3,000 for money and property advanced by her at their

Note.—As to the grantee's knowledge of facts respecting fraudulent conveyance sufficient to put him on inquiry, see note in 34 Am. St. Rep. 399. For authorities on the question, What participation by creditor in fraudulent intent of debtor will make a transfer to pay or secure his debt invalid as to other creditors, see note in 31 L.R.A. 609.

As to the right of an insolvent to make a preference, see note in 41 Am. Dec. 531.

request for their benefit, and which was used and applied as part of the purchase price of the land on which said mortgage was given.

*Held*, further, that defendant Emma I. Merrill took said mortgage in good faith and without any intent to defraud, hinder, or delay this plaintiff or any other creditor of the defendant Walter W. Merrill in the collection of their debts.

Opinion filed August 4, 1911.

Appeal from District Court, Stark county; *E. B. Goss, J.*

Action by George R. Wannemacher against Emma I. Merrill and others. From a judgment for defendants, plaintiff appeals.

Affirmed.

*M. A. Hildreth,* for plaintiff.

*H. C. Berry,* for defendants.

KNEESHAW, Special Judge. This is an action in equity brought by the plaintiff, Wannemacher, as a creditor of one Walter W. Merrill, to set aside and have declared fraudulent and void a certain real-estate mortgage made by Walter W. Merrill and E. P. Merrill to their mother, Emma I. Merrill, for $3,000 on certain real estate owned by them jointly in Sargent county, North Dakota. Said action was tried in Stark county, North Dakota, and on the trial of said action the court found all the issues in favor of the defendants and dismissed the action on the merits, and this appeal is taken from said judgment of dismissal, and the plaintiff demands a retrial of all the issues of fact and of law in the supreme court.

The defendants Walter W. and E. P. Merrill are brothers, and the defendant Emma I. Merrill is the mother of Walter W. and E. P. Merrill. On or about the 1st day of January, 1907, the defendant Walter W. Merrill made, executed, and delivered to the plaintiff his promissory note in writing, whereby he promised to pay to said plaintiff the sum of $4,000, with interest at 10 per cent payable January 1, 1909, and it is by reason of said note that plaintiff claims to be a creditor of the defendant Walter W. Merrill. At the time of the commencement of this action no judgment had been recovered on said note, but on or about the month of May, 1910, plaintiff recovered a verdict in his favor, and against the defendant, in the district court of Stark county,

on said note, for the sum of $2,663.60, and on the 15th day of August, 1910, a judgment was duly entered on said verdict. The defendant E. P. Merrill was never at any time indebted to the plaintiff.

The undisputed evidence in this case shows that in the month of July, 1902, all of the defendants were residents of the state of Iowa, and that on or about that time defendants Walter W. and E. P. Merrill purchased from Mathews & Hynes about half a section of land in Sargent county, North Dakota, for something over $5,000; and, as part of the purchase price of said land, they turned in on said purchase price a certain house and lot in Iowa, owned by the defendant Emma I. Merrill, at the agreed price of $1,300, and assumed certain mortgages then against the land, and, in addition thereto, were to pay Mathews & Hynes the sum of $2,000, including the house and lot. The undisputed evidence further shows that some time later some of the proceeds of the crops raised on said lands were turned in to apply on said balance, and defendant Emma I. Merrill furnished defendants Walter W. and E. P. Merrill about $400 to apply on said indebtedness to Mathews & Hynes as part of said purchase price. Some time later all of the defendants moved to North Dakota, and the defendant Emma I. Merrill and her husband sold out in Iowa and came to North Dakota. At the time Emma I. Merrill deeded her house and lot to Mathews & Hynes to apply on the purchase price of said land, and at the other times, when advancements or loans were made by Emma I. Merrill to Walter W. and E. P. Merrill, no written obligation of any kind was given by them to her, but there was an oral understanding between the parties that later, or when the land was disposed of, that she would be reimbursed for the value of the house and lot and the other advancements. The matter ran along until about the month of January or February, 1907. It became necessary, for the purpose of raising money to assist her two sons, for her to borrow some money, and at that time the question of interest was talked over, and it was suggested by E. P. Merrill that he and Walter W. Merrill would give her a mortgage on their Sargent county land for $3,000 to cover the advances made by her to her sons. At that time Walter W. Merrill was not present, but was out on the ranch, but it was agreed by E. P. Merrill that he would get Walter to sign the mortgage. In pursuance of said agreement on the 6th day of February, 1907, a real-estate mortgage on the land in ques-

tion was prepared and dated on that day from Walter W. Merrill and E. P. Merrill to Emma I. Merrill, to secure said sum of $3,000, according to the conditions of a certain promissory note, dated on said date and payable three years after date, with interest at 6 per cent per annum; and on the 5th day of March, 1907, after the same had been duly signed, it was acknowledged before a notary public, which mortgage was subsequently, on the 20th day·of March, 1907, duly filed for record in the office of the register of deeds of Sargent county, and duly recorded in book 26, p. 392, of mortgages, and the mortgage so executed and delivered is the one which this plaintiff by this action seeks to have declared fraudulent and void.

After a careful consideration of the evidence in the case, we are of the opinion that the undisputed evidence shows that at the time of the execution and delivery of said mortgage the defendants Walter W. Merrill and E. P. Merrill were justly indebted to Emma I. Merrill in a sum exceeding $3,000 for the house and lot deeded by her to Mathews & Hynes and turned in on the purchase price of said land, and for money loaned and advanced to her said two sons; that at said time she was a bona fide creditor of the said Walter W. and E. P. Merrill; and that the said Emma I. Merrill gave a valuable and sufficient consideration for said mortgage.

It is contended by the plaintiff: First, that, at the time of the execution of the alleged fraudulent mortgage, the defendant Walter W. Merrill was insolvent; second, that the said mortgage was executed and delivered by him for the purpose of hindering and delaying plaintiff in the collection of his claim, and with the fraudulent intent on his part of hindering and delaying his creditors in the collection of their claim; and, third, that the defendant Emma I. Merrill participated in such fraudulent intent. Under all well-settled principles of law, it devolved upon the plaintiff to establish by competent evidence said three essential elements. The vital question in this case is, therefore, to determine the fact as to whether or not the plaintiff has satisfactorily shown said three essential elements.

After a careful examination of the evidence introduced for the purpose of showing the insolvency of the defendant Walter W. Merrill at the time of the execution of the alleged fraudulent mortgage, we have come to the conclusion that such evidence was of a very unsatisfactory

22 N. D.—4.

nature, and fails to show such insolvency. We are further of the opinion from an examination of the record that the evidence fails to show that such mortgage was given with the intent on the part of the defendant Walter W. Merrill to defraud the plaintiff or his creditors, or with the intent to hinder and delay plaintiff in the collection of his claim; and we are further of the opinion, from an examination of the record, that the evidence fails to show that the defendant Emma I. Merrill participated in such fraudulent intent.

The next question that we will consider is as to the right of a debtor to prefer one creditor in the preference to another. It is well settled that a debtor has the right to make such preference, in the absence of fraud. It was held in the case of Jewett v. Downs, 6 S. D. 319, 60 N. W. 76, that a debtor in failing circumstances may pay or secure one creditor to the exclusion of others, which was approved in Smith v. Baker, 5 Okla. 339, 49 Pac. 65. In the case of Cutter v. Pollock, 4 N. D. 205, 25 L.R.A. 377, 50 Am. St. Rep. 644, 59 N. W. 1062, it was held that an insolvent debtor may pay one or more creditors in preference to others, although all of his property is used in making such payment. In the case of Lockren v. Rustan, 9 N. D. 43, 81 N. W. 60, it was held that, in the absence of statute, a debtor has the right to prefer one creditor as against another, and a conveyance received by the creditor in good faith for that purpose is valid. Creditors of a husband cannot complain of a payment made by him, in good faith, of an honest debt due his wife. Kolbe v. Harrington, 15 S. D. 263, 88 N. W. 572. A conveyance of property by a husband to his wife, to secure a bona fide debt due to her from him, is not void as to creditors, although the husband had a fraudulent intent, unless the wife had notice of such intent. Williams v. Harris, 4 S. D. 22, 46 Am. St. Rep. 753, 54 N. W. 926. A transfer of land from a husband to his wife will not be defeated on the ground that it was fraudulent as to creditors, even though the husband had a fraudulent intent, if the wife had no knowledge of it. First State Bank v. O'Leary, 13 S. D. 204, 83 N. W. 45. Our Code specifically provides that a debtor may pay one creditor in preference to another, and may give one creditor security for the payment of his demand in preference to another. Rev. Codes 1905, § 6635.

While it is true that knowledge on the part of the grantee of land, of such suspicious facts and circumstances as would put a prudent man

on inquiry as to the grantor's intention in making the conveyance, is equivalent to a knowledge of all the facts which would be developed by a reasonable pursuit of such inquiry, yet no duty of inquiry as to the fraudulent intent of the grantor devolves upon the grantee unless he has actual knowledge of some suspicious fact or circumstance. Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996.

The evidence does not disclose the fact that the defendant Emma I. Merrill had any actual knowledge of any fraudulent intent on the part of the grantor, nor are there any suspicious facts or circumstances in the case sufficient to put the defendant Emma I. Merrill on inquiry. The record discloses the fact that the defendant Emma I. Merrill had advanced to her two sons money and property which had been applied on the purchase price of the Sargent county land, and in purchasing the same land on which the mortgage in question was given; and in all good conscience, honest, fair, and just dealings between one another, we can see no good reason why defendants Walter W. and E. P. Merrill should not give a preference to their mother, as against plaintiff or any other creditor, by giving her a mortgage on the land on which she had advanced money for its purchase price, and we see no good reason why the defendant Emma I. Merrill should not be allowed to accept such mortgage and hold the same as against the claim of this plaintiff.

It therefore appears to the court, from the evidence in this case, that at the time of the execution and delivery of the mortgage in question, the defendant Emma I. Merrill was a bona fide creditor of the defendants Walter W. and E. P. Merrill, and that she gave a good and valuable consideration for the mortgage by reason of such antecedent indebtedness; and it further appearing to the court that said Emma I. Merrill took said mortgage without any intent on her part to hinder, delay, or defraud plaintiff, and being of the opinion that the findings of fact of the trial court are amply and fully supported by the evidence, the judgment of the lower court is affirmed.

MORGAN, Ch. J., not participating. By request, Honorable W. J. KNEESHAW, Judge of the Seventh Judicial District, and Honorable S. L. NUCHOLS, Judge of the Twelfth Judicial District, the latter in place of Mr. Justice Goss, disqualified, sat with the court on the hearing of the above-entitled action.

FISK, J. (concurring specially). I concur in the conclusion that the judgment should be affirmed, but express no opinion upon the merits, for the reasons which I will briefly give.

The complaint wholly fails to allege facts sufficient to constitute a cause of action, and the learned trial court should have sustained defendants' objection, made at the commencement of the trial, to the introduction of any testimony under such complaint. As stated in the foregoing opinion, the action is one in equity, the object of which is to set aside an alleged fraudulent mortgage executed and delivered by defendants Walter and E. P. Merrill to the defendant Emma I. Merrill on certain real property in Sargent county, to secure the payment of the sum of $3,000. The action, therefore, is in the nature of a creditors' bill, and yet the complaint affirmatively discloses that the plaintiff is a mere general creditor, whose claim is represented by promissory notes. It is true the complaint alleges "that an action is now pending in said district court, wherein this plaintiff is plaintiff and said Walter W. Merrill is defendant, said action being based on said promissory note," but it nowhere appears in the complaint that the plaintiff is a judgment creditor, or has any lien whatsoever upon the real property described in the alleged fraudulent mortgage. I take it to be elementary that a plaintiff has no standing in a court of equity to challenge the validity of an alleged fraudulent conveyance or mortgage, without laying a proper foundation by alleging that he is a judgment creditor, or at least has some lien, and that his rights and remedies will be obstructed or interfered with if the alleged fraudulent conveyance is not set aside. There is no such showing in the complaint.

Hence the same fails to state facts sufficient to constitute a cause of action, and the plaintiff is entitled to no relief thereunder.

SPALDING, J., concurs in the opinion of FISK, J.