MELOY, Respondent, v. KELL, et al, Defendant, WHITE
RIVER STATE BANK, Appellant.

(220 N. W. 863.)

(File No. 6175.   Opinion filed August 10, 1928.)

*C. F. Manson,* of White River, and *W. J. Hooper,* of Gregory, for Appellant.

*P. A. Hosford,* of Winner, for Respondent.

MISER, C. Respondent, Hattie Meloy, brought suit against appellant bank and another to quiet title to certain lots in the town of White Rover. Appellant claimed an adverse interest therein by reason of a judgment for $417.32 in its favor and against respondent's husband, J. W. Meloy.

J. W. Meloy owned the real property in suit from 1919 until 1922, paying about $9,500 for it and for certain personal property in a garage thereon. Respondent and her husband lived in the residence thereon from October, 1919, to June, 1920. On July 27, 1922, J. W. Meloy executed and delivered to respondent, at Sylvania, Ohio, a warranty deed to the premises. This deed was duly recorded on October 13, 1922. On December 7, 1922, respondent and J. W. Meloy filed in the office of the register of deeds a claim that said premises were their statutory homestead. On November 14, 1923, appellant recovered its judgment for $417.32 against J. W. Meloy.

Appellant admits that, of the premises in suit, the four half lots with the dwelling house thereon are respondent's homestead. It contends, however, that the adjoining two full lots with the garage thereon are not exempt as a homestead, and that the transfer by J. W. Meloy to respondent was void, that J. W. Meloy is the owner of the premises, and that its judgment is a lien on the two full lots and the garage thereon. Inasmuch as the judgment which is the basis of appellant's claim was recovered against J. W. Meloy after his alleged transfer to Hattie Meloy, it is unnecessary to determine whether the garage property is exempt, unless the alleged transfer was void, leaving J. W. Meloy, the judgment creditor, as the owner.

The trial court found that respondent acquired her title from J. W. Meloy on the 27th day of July, 1922, by warranty deed, in

consideration of obligations which said J. W. Meloy owed the plaintiff for money had and received, and that the plaintiff accepted the title to said premises in satisfaction of her claims and obligations against the grantor; that she paid full consideration therefor and is the owner thereof.

The testimony of respondent and her husband, on which the foregoing finding was based, is as follows: At the time of respondent's marriage to J. W. Meloy, 31 years before the trial, respondent owned 80 acres in Wisconsin, deeded to her by her parents, which deed was introduced in evidence. Two years after the marriage, she sold the land for $1,700. J. W. Meloy used this money to buy live stock, with the understanding that he was to pay respondent back whenever he could. He never had the money, and could not settle with respondent, despite numerous demands. On July 2, 1922, respondent and her husband, while traveling in Ohio, were injured in an automobile accident. As soon after the accident as they were able to do so, J. W. Meloy executed and delivered to respondent, in a bank at Sylvania, Ohio, the warranty deed in question. The consideration for such deed was the satisfaction of respondent's claim against her husband, the grantor, for $1,700 and approximately 28 years interest thereon. There is no testimony as to the value of the premises at the time of the delivery of the warranty deed. In their declaration of homestead, filed on December 7, 1922, respondent and her husband certified that the premises in their entirety did not exceed in value the sum of $5,000. At the trial, at the November, 1924, term, a witness for respondent testified that the garage building was worth about $2,000, the lots on which it stood were worth $150 to $200, and that the residence and four half lots were worth about $800. The president of appellant bank, called as an adverse witness by respondent, fixed the present value at around $6,000. It is true, as appellant contends, that transactions between husband wife which affect creditors should be closely scrutinized. Smith v. Tosini, 1 S. D. 632, 48 N. W. 299; Williams v. Harris, 4 S. D. 22, 54 N. W. 926, 46 Am. St. Rep. 753; People's Bank v. Karlen, 44 S. D. 82, 88, 182 N. W. 531, 533. But, in Williams v. Harris, supra, this court quoted with approval from Patton v. Conn, 114 Pa. 183, 6 A. 468, as follows:

"A wife can become an honest creditor of her husband, and

he may pay an honest debt to her, though, as to other creditors, the claims may appear stale and ancient."

Furthermore, in People's Bank v. Karlen, supra, the court said that—

"When the husband is honestly indebted to the wife, the fact that he may choose to pay her in preference to his other creditors does not make him guilty of disposing of his property with intent to * * * defraud his creditors."

Whether J. W. Meloy was honestly indebted to respondent was a question of fact for the trial court to determine. The trial court found that she was such a creditor, and that she paid full consideration for the premises. The trial court was not bound to accept as true the testimony of respondent and her husband merely because there was no other direct evidence concerning it; for, as stated in Churchill & Alden Co. v. Ramsey, 50 S. D. 73, 208 N. W. 406, it was the duty of the trial court to find on this point on the whole evidence, including all the conduct of respondent and her husband and all the facts and circumstances shown, and in the light of its judgment as to credibility. Where the credibility of witnesses enters into a finding of the trial court as a controlling factor, only the most convincing circumstances will justify this court in reversing the same. Churchill & Alden Co. v. Ramsey, supra; Spackman v. Gross, 25 S. D. 244, 249, 126 N. W. 389; Watt v. Aylward, 34 S. D. 228, 230, 147 N. W. 978.

A careful review of the entire record does not permit us to say that the finding hereinbefore stated is without adequate support in the evidence.

Inasmuch as the finding and judgment of the trial court that respondent is the owner must stand, no useful purpose would be served in determining whether a part of the premises is not exempt under the homestead laws.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.

SHERWOOD, J., not sitting.